UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE N. SYJUD and ARTHUR
SYJUD,

        Plaintiffs,

v

AFN ABSPROP002, LLC d/b/a
MARATHON GAS,

        Defendant.
_____/

Docket No. 1:24-cv-985

**PLAINTIFFS' COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, Denise N. Syjud and Arthus Syjud, by and through their attorneys, KONING & JILEK, P.C., and for their Complaint against the Defendant, state as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is a Michigan premises liability claim arising out of a fall suffered by Plaintiff Denise N. Syjud on October 11, 2022.

2. This Court has subject jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §1332 (diversity).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

4. The amount in controversy and the damages do exceed $75,000, exclusive of fees and costs.

**THE PARTIES**

5. Plaintiffs are United States citizens and domiciled in the State of Michigan; their residence is currently located in the City of Ionia, County of Ionia, State of Michigan.

6. By information and belief, Defendant AFN ABSPROP002, LLC d/b/a Marathon Gas is a foreign limited liability company, originating in Delaware, with a Michigan resident agent of CSC-Lawyers Incorporating Service (Company), 3410 Bell Chase Way, Suite 600, Lansing, Michigan 48911, and, at all relevant times, was conducting business in the City of Ionia, Ionia County, Michigan.

## COUNT I - NEGLIGENCE CLAIMS AGAINST DEFENDANT

7. Plaintiffs incorporate by reference and reallege each paragraph, 1 through 6, as though fully set forth herein.

8. The injury giving rise to this action took place on the sidewalk and concrete on the Defendant's premises, located at 2525 South State Road, in Ionia County, Michigan ("premises").

9. Upon information and belief, at all relevant times, the named Defendant and/or its agents and/or its employees had control over the premises.

10. On October 11, 2022, Plaintiff Denise N. Syjud was a business invitee at Defendant's premises.

11. On that date, Plaintiff Denise N. Syjud suffered injuries when she tripped on and/or as a result of uneven concrete outside of the premises.

12. At all relevant times, Defendant owed to Plaintiff Denise N. Syjud the following duties and obligations, among others:

    a. to maintain the premises in a reasonably safe condition;

    b. to exercise due care and caution in the maintenance of its premises;

    c. to inspect for hazards, dangers, and improper conditions on the premises;

  d.  to warn, advise, and instruct invitees regarding potentially dangerous conditions on the premises;

  e.  to repair all defective and dangerous conditions on the premises;

  f.  to clear the premises of unsafe and hazardous conditions;

  g.  to prevent the creation of unsafe or hazardous conditions on the premises;

  h.  to comply with the Michigan Building Code and any and all other applicable building codes/standards/guidelines;

  i.  to know of any and all dangerous conditions on the premises and warn and protect the public from the dangerous conditions;

  j.  to otherwise take precautions to avoid dangerous conditions;

  k.  to otherwise take precautions to avoid dangerous conditions; and

  l.  to act reasonably under the circumstances.

13. Defendant negligently breached all of the above-noted duties and obligations, among others.

14. As a proximate cause of Defendant's negligence, Plaintiff Denise N. Syjud was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows: humerus fracture (closed fracture of proximal end of left humerus), shoulder fracture, requiring surgery (total shoulder replacement), mental trauma/anguish, loss of life's enjoyments, medical bills, pain, bruising, permanent scarring, and various other economic and noneconomic losses not yet known.

15. As a proximate result of her injuries, Plaintiff Denise N. Syjud suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which

interferes with her enjoyment of life, and more generally became sick and disabled, and some or all of her injuries, may be permanent in nature.

16. Should it be determined at the time of trial that Plaintiff Denise N. Syjud was suffering from any pre-existing conditions at the time of the fall, the negligence of Defendant precipitated, exacerbated, and aggravated any such pre-existing conditions.

17. Plaintiff Denise N. Syjud claims all non-economic damages for the injuries and impairments as more clearly set out in the injuries listed above.

WHEREFORE, Plaintiff Denise N. Syjud asks for a judgment for whatever amount she is found to be entitled, plus court costs, attorney fees, and interest from the date of filing this Complaint.

## COUNT II -LOSS OF CONSORTIUM

18. Plaintiffs incorporate by reference and reallege each paragraph, 1 through 17, as though fully set forth herein.

19. At all relevant times, Plaintiff Arthur Syjud was the lawfully wedded husband of Plaintiff Denise N. Syjud.

20. As a direct and proximate cause of the negligence of Defendant, Plaintiff Arthur Syjud did and has suffered a loss of consortium.

WHEREFORE, Plaintiff Arthus Syjud asks for a judgment for whatever amount he is found to be entitled, plus court costs, attorney fees, and interest from the date of filing this Complaint.

                                            Respectfully submitted,

                                            KONING & JILEK, P.C.


Dated: September 20, 2024                    /s/ Jonathan N. Jilek
                                            Jonathan N. Jilek (P65299)
                                            Attorney for Plaintiffs
                                            Koning & Jilek, P.C.
                                            8080 Moorsbridge Road, Suite 103
                                            Portage, MI 49024
                                            (269) 343-1500
                                            jjilek@koningjilek.com

## JURY DEMAND

Plaintiffs Denise N. Syjud and Arthur Syjud, through their counsel, hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

                                            Respectfully submitted,

                                            KONING & JILEK, P.C.


Dated: September 20, 2024                    /s/ Jonathan N. Jilek
                                            Jonathan N. Jilek (P65299)
                                            Attorney for Plaintiffs
                                            Koning & Jilek, P.C.
                                            8080 Moorsbridge Road, Suite 103
                                            Portage, MI 49024
                                            (269) 343-1500
                                            jjilek@koningjilek.com